UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 16-715-RSWL (KK)** | Date: | May 3, 2016 |
|---|---|---|---|
| Title: | ***Wilfredo Pardo v. Felix M. Vasquez*** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:**   **(In Chambers) Order to Show Cause Why this Action Should Not Be Dismissed for Failure to Exhaust**

# I.
# BACKGROUND

On April 6, 2016, Petitioner Wilfredo Pardo ("Petitioner") constructively filed[1] a pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to Title 28 of the United States Code, section 2254. Dkt. 1, Pet. Petitioner raises three claims: (1) "Deliberation, as a calculated, careful weighing process, is not present when a defendant fires gunshots inside his own moving car while driving;" (2) "Testimony about a quarrel, plus physical evidence of a bloody struggle, is substantial circumstantial evidence of heat of passion/provocation to warrant giving a requested instruction;" and (3) "Chapman standard for analysis of prejudice from jury instruction error requires viewing the evidence in [the] light most favorable to the proponent of the instruction." See id. at 5-6.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Petitioner signed the Petition on April 6, 2016. ECF Docket No. ("Dkt.") 1, Pet. at 8. Thus, the Court deems April 6, 2016 the Petition's filing date.

**CIVIL MINUTES—GENERAL**   Initials of Deputy Clerk ___

On April 26, 2016, Petitioner constructively filed a Motion for Stay in Abeyance ("Motion") "in an effort to litigate several grounds in the lower courts," but fails to identify: (1) which claims are unexhausted; and (2) the type of stay he requests.  Dkt. 6, Mot.  Accordingly, the Court orders Petitioner to show cause why this action should not be dismissed for failure to exhaust by **May 24, 2016**.

## II.
## DISCUSSION

### A.    APPLICABLE LAW

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam).  A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim.  O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court.  See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882,888 (9th Cir. 1999) (applying O'Sullivan to California).  A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim."  Gatlin, 189 F.3d at 888.

The inclusion of both exhausted and unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice.  See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").  Further, if "a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust."  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (citing Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (stating "the district court [i]s 'obliged to dismiss immediately,'" where a petition contains no exhausted claims)).

### B.    ANALYSIS

Here, Petitioner raises three claims for federal habeas relief, see Dkt. 1, Pet. at 5-6, and requests a stay "in an effort to litigate several grounds in the lower courts," See Dkt. 6, Mot.

---

**CIVIL MINUTES—GENERAL**

Thus, Petitioner appears to concede at least some of the claims in his Petition are unexhausted and the Petition is subject to dismissal for failure to exhaust.

### III.
### ORDER

Accordingly, the Petition is either a "mixed" or wholly unexhausted petition subject to dismissal for failure to exhaust.  Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed by filing a written response no later than **May 24, 2016**.  Petitioner may respond to this Order by acting according to one of the following three options.

**1.   PETITIONER MAY EXPLAIN THE PETITION IS EXHAUSTED**

If Petitioner contends he has in fact exhausted his state court remedies on the grounds raised in his federal habeas Petition, he should clearly explain this in a written response to this Order.  The written response must be filed on or before **May 24, 2016**. Petitioner should attach to his response copies of any documents establishing his claims are exhausted.

**2.   PETITIONER MAY REQUEST A STAY BY IDENTIFYING HIS UNEXHAUSTED CLAIMS AND THE TYPE OF STAY HE SEEKS**

Under Rhines v. Weber, 544 U.S. 269, 161 L. Ed. 2d 440, 161 L. Ed. 2d 440 (2005), a district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts.  Id. at 276; see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines).  This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics.  Rhines, 544 U.S. at 277-78.

In addition, under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), if a petitioner dismisses a mixed petition's unexhausted claims, the district court may stay the petition's remaining exhausted claims to allow the petitioner time to exhaust the unexhausted claims in state court.  Kelly, 315 F.3d at 1070-71.  This is called a "Kelly stay."  Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." King v. Ryan, 564 F.3d 1133, 1135.

A Kelly stay involves a three-step procedure: "(1) a petitioner amends his [or her] petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his [or her] petition and re-attaches the newly-exhausted claims to the original petition."  Id. (citing Kelly, 315 F.3d at 1170-71).  Thus, while "Rhines allows a district court to stay a mixed petition, and does not require

that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . <u>Kelly</u> allows the stay of <u>fully exhausted</u> petitions, requiring that any unexhausted claims be dismissed." <u>Id.</u> at 1139-40 (emphasis in original) (citing <u>Jackson v. Roe</u>, 425 F.3d 654, 661 (9th Cir. 2005)).

While a <u>Kelly</u> stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2244(d)(1). "A petitioner seeking to use the <u>Kelly</u> procedure will be able to amend his [or her] unexhausted claims back into his federal petition once he [or she] has exhausted them only if those claims are determined to be timely." <u>King</u>, 564 F.3d at 1140-41. After expiration of the AEDPA limitations period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" <u>Id.</u> at 1141 (internal citations omitted).

Here, Petitioner may identify each unexhausted claim, request a <u>Rhines</u> stay, and support his request by showing: (1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not "plainly meritless;" and (3) Petitioner did not intentionally engage in dilatory litigation tactics. <u>See</u> <u>Rhines</u>, 544 U.S. at 277-78. Petitioner should include any evidence supporting his request for a <u>Rhines</u> stay.

In addition, Petitioner may identify each unexhausted claim, request a <u>Kelly</u> stay, and follow the three-step <u>Kelly</u> procedure. First, Petitioner must file a Second Amended Petition deleting each unexhausted claim. <u>See</u> <u>King</u>, 564 F.3d at 1135. The Court will then stay and hold in abeyance the fully exhausted Second Amended Petition and allow Petitioner the opportunity to exhaust each claim in state court. <u>See</u> <u>id.</u> Petitioner may later file a Third Amended Petition and try to re-attach the newly-exhausted claim(s). <u>See</u> <u>id.</u> The Court warns the newly-exhausted claim(s) may be time-barred when Petitioner files his Third Amended Petition.

If Petitioner requests a <u>Rhines</u> stay, he may include a notice that, if the Court denies the <u>Rhines</u> stay, he alternatively requests a <u>Kelly</u> stay. Any request for a stay must be filed on or before **May 24, 2016**.

///
///
///
///
///
///
///
///
///
///
///
///

**3.    PETITIONER MAY FILE AN AMENDED PETITION DELETING EACH UNEXHAUSTED CLAIM**

Petitioner may file a Motion for Leave to file a Second Amended Petition that deletes each unexhausted claim and includes only each exhausted claim.  The Court advises Petitioner that if he chooses to proceed only on his exhausted claim(s), any future habeas petitions containing any unexhausted claim, or other claims that could have been raised in this action, may be rejected as successive or time-barred.  Petitioner must attach a copy of the proposed Second Amended Petition to his Motion for Leave to file a Second Amended Petition.  Such a Motion for Leave to file a Second Amended Petition must be filed on or before **May 24, 2016**.

The Court warns failure to respond to this Order by **May 24, 2016** will result in the Court dismissing this action for failure to prosecute and comply with court orders.  <u>See</u> Fed. R. Civ. P. 41(b).  Petitioner is also warned that the Court may ultimately find any newly asserted or reasserted claims in an amended petition to be time-barred.

**IT IS SO ORDERED.**