UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-715-RSWL (KK) | Date: | May 24, 2016 |
| Title: | *Wilfredo Pardo v. Felix M. Vasquez* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Minute Order re: Petitioner's Request for a Stay, Dkt. 6

# I.
# BACKGROUND

On April 6, 2016, Petitioner Wilfredo Pardo ("Petitioner") constructively filed[1] a pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to Title 28 of the United States Code, section 2254. Dkt. 1, Pet. Petitioner raises three claims: (1) "Deliberation, as a calculated, careful weighing process, is not present when a defendant fires gunshots inside his own moving car while driving;" (2) "Testimony about a quarrel, plus physical evidence of a bloody struggle, is substantial circumstantial evidence of heat of passion/provocation to warrant giving a requested instruction;" and (3) "Chapman standard for analysis of prejudice from jury instruction error requires viewing the evidence in [the] light most favorable to the proponent of the instruction." See id. at 5-6. Petitioner alleges he raised these three claims in a petition for review in the California Supreme Court. Id.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Petitioner signed the Petition on April 6, 2016. ECF Docket No. ("Dkt.") 1, Pet. at 8. Thus, the Court deems April 6, 2016 the Petition's filing date.

On April 26, 2016, Petitioner constructively filed a Motion for Stay in Abeyance ("Motion") "in an effort to litigate several grounds in the lower courts," but failed to identify: (1) the claim(s) he hopes to litigate in state court; and (2) the type of stay he requests.  Dkt. 6, Mot.

On May 3, 2016, the Court ordered Petitioner to show cause why this action should not be dismissed for failure to exhaust ("OSC").  Dkt. 7, May 3, 2016 OSC.  The Court listed Petitioner's options in proceeding with this action, including requesting stays pursuant to Rhines v. Weber, 544 U.S. 269, 161 L. Ed. 2d 440, 161 L. Ed. 2d 440 (2005) ("Rhines stay") and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) ("Kelly stay").

On May 12, 2016, Petitioner constructively filed a Response to the May 3, 2016 OSC.  Dkt. 10, Response.  Although not entirely clear, Petitioner appears to argue: (1) the three claims raised in his Petition are fully exhausted; and (2) entitlement to a Rhines stay to raise additional claims of battered victim's syndrome, ineffective assistance of counsel, and modification of sentence in state court.  Id. at 2.

## II.
## DISCUSSION

### A.     THE COURT IS INCLINED TO DENY A RHINES STAY

**(1)     APPLICABLE LAW**

Under Rhines, 544 U.S. 269, a district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts.  Id. at 276; see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines).  This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics.  Rhines, 544 U.S. at 277-78.

Importantly, a Rhines "stay and abeyance should be available only in limited circumstances" because:

> Staying a federal habeas petition frustrates [The Anti-Terrorism and Effective Death Penalty Act of 1996's ("AEDPA's")] objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings.  It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Id. at 277; see Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (rejecting "a broad interpretation of 'good cause'" because "[s]tays . . . delay the execution of sentences and reduce a petitioner's incentive to exhaust all claims in state court"); Daly v. McEwen, No. CV 11-1818-AHM (DTB), 2011 WL 4964449, at *3 (C.D. Cal. Oct. 19, 2011) ("While relatively little guidance exists as to what constitutes 'good cause' under Rhines, the Ninth Circuit has held that it does not require a petitioner to show that 'extraordinary circumstances' prohibited him from exhausting his claims, while also noting that stay and abeyance should be available only in limited cases").

### (2) ANALYSIS

Here, Petitioner appears to claim his Petition is fully exhausted. See Dkt. 1 Pet.; Dkt. 10, Response at 2. However, a Rhines stay applies to a mixed or wholly unexhausted petition. See Rhines, 544 U.S. at 277-78; Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005) ("Rhines applies to stays of mixed petitions"); Mena, 813 F.3d at 912. Thus, a Rhines stay is improper.

Moreover, to the extent Petitioner claims his Petition is mixed or wholly unexhausted, Petitioner fails to establish good cause for a Rhines stay. Petitioner argues "'good cause' for failure to exhaust is moot as this petitioner still has not tolled his time limitations as this is his first collateral attack." Dkt. 10, Response at 2. Contrary to Petitioner's argument, he must establish good cause for a Rhines stay and has failed to do so. See Rhines, 544 U.S. at 277-78.

Accordingly, the Court is inclined to deny Petitioner's request for a Rhines stay. However, before recommending denial of a Rhines stay, this Court will allow Petitioner one last opportunity to request a Kelly stay.

## B. PETITIONER MAY REQUEST A KELLY STAY

### (1) APPLICABLE LAW

Under Kelly, 315 F.3d 1063, the district court may stay a petition's exhausted claims to allow the petitioner time to exhaust unexhausted claims in state court. Kelly, 315 F.3d at 1070-71. This is called a "Kelly stay."

Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." King v. Ryan, 564 F.3d 1133, 1135. A Kelly stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." Id. (citing Kelly, 315 F.3d at 1170-71). Thus, while "Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . Kelly allows the stay of fully exhausted petitions,

requiring that any unexhausted claims be dismissed." Id. at 1139-40 (emphasis in original) (citing Jackson, 425 F.3d at 661).

While a Kelly stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the AEDPA. 28 U.S.C. § 2244(d)(1). "A petitioner seeking to use the Kelly procedure will be able to amend his [or her] unexhausted claims back into his federal petition once he [or she] has exhausted them only if those claims are determined to be timely." King, 564 F.3d at 1140-41. After expiration of the AEDPA limitations period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" Id. at 1141 (internal citations omitted).

**(2)    ANALYSIS**

Here, Petitioner seeks a stay to exhaust additional claims. Dkt. 10, Response at 2. A Kelly stay appears appropriate. Kelly, 315 F.3d at 1070-71. There is no indication of an intent on the part of Petitioner to delay or harass. See Lugo v. Kirkland, 2006 WL 449130, at *2 (N.D. Cal. Feb. 22, 2006). Moreover, a Kelly stay appears proper because it will circumvent piecemeal litigation. Id. Accordingly, the Court grants Petitioner one final opportunity to request a Kelly stay.

## III.
## ORDER

Thus, the Court advises Petitioner it is inclined to **DENY** his request for a Rhines stay, but may grant a Kelly stay if Petitioner does the following **within twenty-one (21) days** of the date of this order: Petitioner must file an Amended Motion for a Stay alternatively requesting a Kelly stay if the Court denies Petitioner's request for a Rhines stay. In the Amended Motion for a Stay, Petitioner must: (1) state whether the Petition currently contains only exhausted claims; and (2) identify any additional claim(s) he seeks to exhaust in state court.

If the Court grants the Amended Motion for a Stay pursuant to Kelly, the Court will then stay and hold in abeyance the fully exhausted Petition and allow Petitioner the opportunity to exhaust his other claim(s) in state court. Petitioner may later file a First Amended Petition and try to re-attach the newly-exhausted claim(s).

The Court warns Petitioner any newly-exhausted claim(s) may be time-barred when Petitioner files his First Amended Petition. The Court also warns Petitioner failure to timely comply with this Order will result in dismissal of this action for failure to prosecute and obey court orders.

**IT IS SO ORDERED.**