O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WILFREDO PARDO, | Case No. EDCV 16-715-RSWL (KK) |
| Petitioner, | |
| v. | ORDER DENYING A <u>RHINES</u> STAY AND GRANTING A <u>KELLY</u> STAY |
| FELIX M. VASQUEZ, Warden, | |
| Respondent. | |

**I.**

**INTRODUCTION**

Petitioner Wilfredo Pardo ("Petitioner") filed a <u>pro se</u> Petition for Writ of Habeas Corpus ("Petition") pursuant to Title 28 of the United States Code, section 2254.  Petitioner has requested stays pursuant to <u>Rhines v. Weber</u>, 544 U.S. 269, 161 L. Ed. 2d 440, 161 L. Ed. 2d 440 (2005) ("<u>Rhines</u> stay") and <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003) ("<u>Kelly</u> stay").  For the reasons set forth below, the Court **DENIES** Petitioner's request for a <u>Rhines</u> stay but **GRANTS** Petitioner's request for a <u>Kelly</u> stay.

///

///

///

## II.

## PROCEDURAL HISTORY

**A.    STATE COURT PROCEEDINGS**

On October 25, 2013, Petitioner was convicted of first degree murder in violation of California Penal Code section 187 and a firearm enhancement within the meaning of California Penal Code section 12022.53 in the Riverside County Superior Court.  ECF Docket No. ("Dkt.") 1, Pet. at 2.  On November 22, 2013, Petitioner was sentenced to a term of fifty years to life in prison.

Petitioner appealed his conviction in the California Court of Appeal.[1]  Id. at 2-3.  The California Court of Appeal affirmed his conviction.  Id. at 3.

Petitioner filed a petition for review in the California Supreme Court.[2]  Id. The California Supreme Court denied the petition.  Id.

Petitioner has filed no habeas petition in state court challenging his 2013 conviction.  Id.

**B.    FEDERAL HABEAS PROCEEDINGS**

On April 6, 2016, Petitioner constructively filed[3] the instant Petition in this Court.  Dkt. 1, Pet.  Petitioner raises three claims: (1) "Deliberation, as a calculated, careful weighing process, is not present when a defendant fires gunshots inside his own moving car while driving;" (2) "Testimony about a quarrel, plus physical evidence of a bloody struggle, is substantial circumstantial evidence of heat of passion/provocation to warrant giving a requested instruction;" and (3) "Chapman standard for analysis of prejudice from jury instruction error requires

---

[1]    The California Court website reveals no information regarding Petitioner's purported appeal.

[2]    The California Court website reveals no information regarding Petitioner's purported petition for review.

[3]    Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).  Here, Petitioner signed the Petition on April 6, 2016.  Dkt. 1, Pet. at 8.  Thus, the Court deems April 6, 2016 the Petition's filing date.

1  viewing the evidence in [the] light most favorable to the proponent of the

2  instruction." See id. at 5-6.  Petitioner alleges he raised these three claims in his

3  petition for review in the California Supreme Court.  Id.

4         On April 26, 2016, Petitioner constructively filed a Motion for a Stay "in an

5  effort to litigate several grounds in the lower courts," but failed to identify: (1) the

6  claims he intended to litigate in state court; and (2) the type of stay he requested.

7  Dkt. 6, Mot.

8         On May 3, 2016, the Court ordered Petitioner to show cause why this action

9  should not be dismissed for failure to exhaust ("OSC").  Dkt. 7, May 3, 2016 OSC.

10  The Court listed Petitioner's options in proceeding with this action, including

11  requesting a Rhines stay and Kelly stay.

12         On May 12, 2016, Petitioner constructively filed a Response to the May 3,

13  2016 OSC.  Dkt. 10, Response.  Although not entirely clear, Petitioner appeared to

14  argue: (1) the three claims raised in his Petition are fully exhausted; and (2)

15  entitlement to a Rhines stay to raise additional claims in state court.  Id. at 2.

16         On May 24, 2016, the Court issued an Order stating it was inclined to deny a

17  Rhines stay and allowing Petitioner to request a Kelly stay.  Dkt. 11, May 24, 2016

18  Order.  The Court directed Petitioner to file an Amended Motion for a Stay

19  alternatively requesting a Kelly stay if the Court denies Petitioner's request for a

20  Rhines stay.  Id.

21         On June 13, 2016, Petitioner constructively filed an Amended Motion for a

22  Stay.  Dkt. 12, Am. Mot.  Petitioner states the Petition contains exhausted claims

23  only and requests the Court impose a Kelly stay while he raises additional claims of

24  ineffective assistance of counsel and modification of sentence in state court.  Id. at

25  2.

26  ///

27  ///

28  ///

3

### III.

### DISCUSSION

**A.    A RHINES STAY IS IMPROPER**

    **(1)    APPLICABLE LAW**

Under Rhines, 544 U.S. 269, a district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts.  Id. at 276; see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines).  This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics.  Rhines, 544 U.S. at 277-78.

    **(2)    ANALYSIS**

Here, Petitioner claims his Petition is fully exhausted.  See Dkt. 1, Pet.; Dkt. 12, Am. Mot; Dkt. 10, Response.  However, a Rhines stay applies to a mixed or wholly unexhausted petition.  See Rhines, 544 U.S. at 277-78; Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005) ("Rhines applies to stays of mixed petitions"); Mena, 813 F.3d at 912.  Moreover, even assuming Petitioner had included his two additional unexhausted claims in the Petition, Petitioner fails to establish good cause as Rhines requires.  Thus, a Rhines stay is improper.  Accordingly, the Court **DENIES** Petitioner's request for a Rhines stay.

**B.    A KELLY STAY IS PROPER**

    **(1)    APPLICABLE LAW**

Under Kelly, 315 F.3d 1063, the district court may stay a petition's exhausted claims to allow the petitioner time to exhaust unexhausted claims in state court.  Kelly, 315 F.3d at 1070-71.  Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court

4

remedies." <u>King v. Ryan</u>, 564 F.3d 1133, 1135.  A <u>Kelly</u> stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition."  <u>Id.</u> (citing <u>Kelly</u>, 315 F.3d at 1170-71).  Thus, while "<u>Rhines</u> allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . <u>Kelly</u> allows the stay of <u>fully exhausted</u> petitions, requiring that any unexhausted claims be dismissed."  <u>Id.</u> at 1139-40 (emphasis in original) (citing <u>Jackson</u>, 425 F.3d at 661).

**(2)   ANALYSIS**

Here, as set forth in the May 24, 2016 Order, the Court finds it appropriate to impose a <u>Kelly</u> stay.  Accordingly, the Court **GRANTS** Petitioner's request for a <u>Kelly</u> stay.

Petitioner is cautioned, however, that while a <u>Kelly</u> stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the AEDPA.  28 U.S.C. § 2244(d)(1).  "A petitioner seeking to use the <u>Kelly</u> procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely."  <u>King v. Ryan</u>, 564 F.3d 1133, 1140-41 (9th Cir. 2009).  After expiration of the limitation period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'"  <u>Id.</u> at 1141 (internal citations omitted).

///

///

# IV.

## ORDER

Accordingly, **IT IS ORDERED**:

1. A <u>Rhines</u> stay is **DENIED**.

2. A <u>Kelly</u> stay is **GRANTED**.  This action -- now containing only the exhausted claims -- is hereby stayed pending exhaustion of Petitioner's state court remedies on other grounds and/or further order of this Court.

3. Beginning ninety (90) days after the date of this Order, and every ninety (90) days thereafter, Petitioner shall file a "Status Report" with the Court, addressing the status of Petitioner's exhaustion efforts in state court. Petitioner must provide the case number of the pending state court proceedings, if available.  Respondent may file a status report within fourteen (14) days following Petitioner's filing, if Respondent wishes to advise the Court of any developments not reported by Petitioner.

4. Within thirty (30) days after any decision by the state court on Petitioner's habeas petition, Petitioner shall advise this Court of the decision.  Further, if Petitioner abandons his efforts to exhaust his state court remedies, he shall immediately advise this Court.

///
///
///
///
///
///
///
///
///
///

1         Petitioner is cautioned that if he fails to act diligently in seeking to exhaust

2  his state court remedies or fails to act within the time frames discussed above, the

3  Court may vacate the stay and prohibit Petitioner from raising any new claims in

4  this action.

5

6  Dated:  7/20/2016

7                            _s/_RONALD S.W. LEW

                                HONORABLE RONALD S.W. LEW

8                                United States District Judge

9  Presented by:

10

11

12  KENLY KIYA KATO

    United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28